IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN JACOBY, on Behalf of Himself and All Other Plaintiffs Known and Unknown, | |
| Plaintiffs, | Case No. 10 C 1452 |
| v. | Hon. Harry D. Leinenweber |
| SCHIMKA AUTO WRECKERS, INC., and MICHAEL SCHIMKA, | |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Presently before the Court is Defendants' Motion for Summary Judgment in Plaintiff's class action suit for violations of the Fair Labor Standards Act. For the reasons stated below, Defendant's motion is **granted**. Counts I, II, and III are dismissed with prejudice. Counts IV and V are dismissed without prejudice.

### I. BACKGROUND

#### A. Facts

Defendant Michael Schimka is the President of Defendant Schimka Auto Wreckers, Inc. (hereinafter, collectively, "Schimka"), a towing business that tows vehicles of the City of Des Plaines, Illinois (the "City"). Schimka tows vehicles at the City's request, engages in safety towing pursuant to the Illinois

Commercial Safety Towing Law, and does commercial towing for auto body repair shops and car dealerships. Schimka does not have any contracts with any businesses that are located outside of Illinois.

Plaintiff John Jacoby ("Jacoby") was employed by Schimka as a tow truck driver from December 8, 2008 until he was terminated on or about April 13, 2009. During the time he was employed, Jacoby worked five days a week from 8:00 a.m. until 6:00 p.m., and also worked alternate Saturdays. Jacoby's duties consisted solely of towing motor vehicles. Jacoby did not engage in the towing of any vehicles across state lines, nor did he have any duties that required him to communicate across state lines.

Jacoby filed this suit in federal court, claiming that Schimka violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") (Counts I, II, and III), the Illinois Minimum Wage Law (Count IV), and the Illinois Wage Payment and Collection Act (Count V).

### B. Issues

Jacoby claims that Schimka violated the FLSA because Jacoby was not paid one and a half times the regular rate of pay for hours worked in excess of forty hours per week. Schimka filed a Motion for Summary Judgment on Counts I through III, arguing that Jacoby's claims do not fall under FLSA because (1) the Defendant company

does not have a gross volume of sales made or business done of at least $500,000, as demonstrated by Schimka's tax returns, and (2) Jacoby did not engage in interstate commerce or the production of goods for commerce. Either one or the other of these two requirements would have to be met for Jacoby to have a claim under the terms of FLSA.

Jacoby counters that (1) tax returns are not the only method to determine if a business meets the threshold required to be considered an enterprise; (2) the definition of "interstate commerce" is so liberal that virtually all entities are linked to a good or material that moved in interstate commerce; and (3) Schimka is entitled to additional discovery to prove his case under Rule 56(f).

## II. **LEGAL STANDARD**

Summary judgment is proper if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is material if it could affect the outcome of the suit under the governing law, and a dispute is genuine where the evidence is such that a reasonable jury could return a verdict for

the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court's role, when ruling on a motion for summary judgment, is not to weigh the evidence or determine the truth of the matter, but to determine whether there is a genuine issue of material fact that warrants trial. *Id*. at 249. In making this determination, the Court must view all the evidence and draw any reasonable inferences therefrom in the light most favorable to the nonmoving party. *Miller v. Am. Family Mut. Ins. Co.*, 203 F.3d 997, 1003 (7th Cir. 2000). The nonmoving party, however, may not rest on mere allegations, but must present specific facts showing that there is a genuine issue for trial. *Big O Tire Dealers, Inc. v. Big O Warehouse*, 741 F.2d 160, 163 (7th Cir. 1984).

### III.  **DISCUSSION**

To make out a successful claim under Section 207(a)(1) of the FLSA, Jacoby needs to show either that he was employed by an *enterprise* that is engaged in commerce, or produces goods for commerce, and has annual gross receipts of not less than $500,000, which is known as "enterprise coverage"; or that *he* engaged in commerce or produced goods for commerce, which is known as "individual coverage." *Guzman v. Irmadan*, 551 F.Supp.2d 1368, 1370 (S.D. Fla. 2008).

## A. Enterprise Coverage

An employer is subject to enterprise coverage under Section 203(s) of the FLSA if it "has employees engaged in commerce or in the production of goods for commerce . . . and is an enterprise whose annual gross volume of sales made or business done is not less than $500,000." *Guzman*, 551 F.Supp.2d at 1370. Jacoby was employed by Schimka from December 2008 to April 2009. According to Schimka's income tax returns for the years 2007 to 2009, Schimka's gross sales never reached $500,000 during any of those years. Income tax returns are a relevant way to show gross sales. *Id*. at 1370-71.

Jacoby argues that the "rolling quarters" method is a better way to measure Annual Gross Revenue. "The rolling quarters method is a regulatory tool to determine whether a defendant employer, *who once met* the gross sales requirement in the previous year, continues to be subject to enterprise coverage in the following year." *Exime v. E.W. Ventures, Inc.*, 591 F.Supp.2d 1364, 1375 (S.D. Fla. 2008) (emphasis added). Because Schimka did not meet the $500,000 threshold in any of the relevant years, it is not necessary to use the rolling quarters method of analysis.

Jacoby also argues that tax returns should not be the only kind of revenue counted toward the $500,000 threshold, and requests

additional discovery to determine if any income might be attributable to Schimka other than that which shows up in the tax returns. The cases cited by Jacoby in support of looking to additional revenue all involved multiple or related entities with common ownership or management. *See Donovan v. Janitorial Services, Inc.*, 672 F.2d 528 (5th Cir. 1982) (pest control, maintenance and trash removal companies); *Donovan v. Sideris*, 688 F.2d 74 (5th Cir. 1982) (four hotels); *Marshall v. Great Lakes Recreation Co.*, 24 Wage & Hour Cas. (BNA) 821 (E.D. Mich. 1980) (group of bowling alleys). This is not such a case.

Jacoby argues that he needs oral discovery to flesh out possible additional income of Schimka. *See* Fed. R. Civ. P. 56(f) (allowing court to permit discovery where a party opposing summary judgment shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition). In order to succeed in a Rule 56(f) motion, Jacoby must demonstrate why the depositions he seeks are likely to generate a genuine issue of material fact. *See Woods v. City of Chicago*, 234 F.3d 979, 990 (7th Cir. 2000). Jacoby submits an affidavit stating that, as part of their business operations, Defendants "received and sold salvaged, used auto parts at the same location from which the towing services were conducted."

The Court finds this a very thin reed on which to base discovery. Jacoby's characterizing the sale of used auto parts as "part of Defendants' business operations," implies that it was part and parcel of the towing business. Jacoby does not state any fact that suggests that these activities were run by a separate, but related, business entity or were not included in the gross income reported in Schimka's tax returns. The Court finds that Jacoby has not demonstrated that the depositions he seeks are *likely* to generate a genuine issue of material fact. Furthermore, he has not established that he qualifies for "enterprise coverage" under FLSA.

## B. Individual Coverage

An employee is subject to individual coverage under section 207(a) of the FLSA if he engages in commerce or produces goods for commerce as part of his employment. 29 U.S.C. § 207(a). There are no facts that suggest that Jacoby was engaged in the *production of goods* for commerce. The test for determining whether an employee was *engaged in commerce* is whether the "work is so directly and vitally related to the functioning of an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it, rather than isolated local activity." *Mitchell v. C.W. Vollmer & Co.*, 349 U.S. 427, 429 (1955). In enacting FLSA, Congress did not intend to invoke the full scope of its Commerce

Clause power and thereby regulate "activities merely affecting commerce." *See Guzman*, 551 F.Supp.2d at 1371 (citing *McLeod v. Threlkeld*, 319 U.S. 491, 497 (1943)).

Jacoby's only duty was towing vehicles, and he did not tow any vehicles across state lines, nor did he engage in any communication across state lines. Jacoby does not argue that his towing duties were interstate, but he argues that his duties as a tow truck driver required that he handle tools, such as chains, jumper cables and wrenches, that likely moved in interstate commerce before being used by Jacoby. Jacoby argues that it is essentially impossible for any business to escape the far-reaching sweep of interstate commerce. Jacoby cites several cases from other courts that found employees to fall under the individual coverage protection. Those employees were not directly involved in interstate commerce, but they *were* substantially involved in work closely related to the functioning of interstate commerce. They were not merely using materials that may have been moved by interstate commerce, as Jacoby was. *See*, *e.g.*, *Marshall v. Victoria Transportation Co.*, 603 F.2d 1122, 1124 (5th Cir. 1979) (finding that intrastate bus drivers who transported international passengers as "a substantial, regular and recurring part of their work" were engaged in commerce under the FLSA).

In enacting FLSA, Congress intended only to regulate activities that *constituted* interstate commerce, not activities merely *affecting* commerce. *Joles v. Johnson County Youth Serv.*, 885, F.Supp. 1169, 1176-77 (S.D. Ind. 1995). In *Joles*, the plaintiff had worked in a group home and alleged that she prepared and served food, which had previously traveled in interstate commerce, and cleaned the defendant's facility with materials that had previously moved in interstate commerce. *Id.* at 1175-76. The court found that the mere fact that materials used by the plaintiff had moved in interstate commerce was irrelevant to the question of whether she was engaged in interstate commerce. *Id.* at 1179. The plaintiff did not participate in the movement of interstate commerce or in any activity essential or directly related to movement of interstate commerce. *Id.* Any effect the plaintiff's performance of her duties had on interstate commerce during the time of her employment with the defendant was too remote to qualify as engagement in commerce under the Act. *Id.* Much like the plaintiff's work in *Joles*, Jacoby's performance of his duties had little effect on interstate commerce, except tangential use of tools that may have traveled in interstate commerce. Jacoby's work activities fall under the category of "isolated local activity."

*See Mitchell*, 349 U.S. at 429. Therefore, he does not qualify for "individual coverage" under FLSA.

Because FLSA does not apply to Jacoby's claims under either "enterprise" or "individual" coverage, Defendants' Motion for Summary Judgment is granted. Counts I through III, which are all based on FLSA, are dismissed with prejudice. The Court declines to exercise jurisdiction over the remaining state law claims. *See* 28 U.S.C. § 1367(c)(3). Counts IV and V are therefore dismissed without prejudice.

## IV. **CONCLUSION**

For the reasons stated herein, Defendants' Motion for Summary Judgment is **granted**. Counts I, II and III are dismissed with prejudice. Counts IV and V are dismissed without prejudice.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

**DATE:** August 11, 2010